*472 KAREN NELSON MOORE, Circuit Judge,
concurring in part and dissenting in part.
I dissent with respect to the majority’s holding affirming summary judgment on Plaintiff Brandon Martin’s excessive force claim.
A reasonable jury could find that the force used by Officer Doyle against Martin was objectively unreasonable pursuant to the three factors we assess in determining whether force is excessive. See Grawey v. Drury, 567 F.3d 302, 310 (6th Cir.2009) (excessive force turns on “1) the severity of the crime at issue; 2) whether the suspect posed an immediate threat to the safety of the police officer or others; and 3) whether the suspect actively resisted arrest or attempted to evade arrest by flight.”). As the majority concedes, Martin was stopped for a minor offense — he simply placed one foot on Doyle’s property. No evidence suggests that Martin posed an immediate threat to Doyle or others, physically resisted arrest, or was a flight risk. While Martin did not immediately sit down on the ground per Doyle’s commands and tried to call his mother immediately after he was stopped, Martin was a juvenile, did nothing more than place a single foot on Doyle’s property, and was not under arrest at the time he tried to call his mother. And even if some force was necessary to control the situation as the majority notes, the whole point of the above factors is to determine whether the amount of force used was reasonable under the circumstances. Here, Doyle pushed Martin into Bolden. When Martin tried to call his mother, Doyle smacked the phone out of his hand. Then, without another word, Doyle slammed Martin to the ground and put his knee on Martin’s face and head. R. 43 (Martin Dep. at 29-31) (Page ID #487-89).[1] In the car ride to the police station, Doyle told Martin that he would “take me down, beat my ass”; Martin testified that Doyle was “saying all types of stuff. I was crying because I was scared.” R. 43 (Martin Dep. at 39) (Page ID # 497); see Leary v. Livingston Cnty., 528 F.3d 438, 444-45 (6th Cir.2008) (citing cases where “scarfing], intimidatfing], and threat-enfing]” arrestee supported excessive force finding). Then, upon arriving at the station, Doyle grabbed Martin, who was handcuffed at the time, and roughly pulled Martin out of the car by his shirt causing him to hit the ground. R. 43 (Martin Dep. at 40) (Page ID #498); see Burgess v. Fischer, 735 F.3d 462, 474 (6th Cir.2013) (“[T]he Fourth Amendment’s reasonableness standard applied at least through the booking process”).
Based on these facts, a reasonable jury could find that the force used by Doyle— against a non-threatening, not-fleeing juvenile — was objectively unreasonable. See Miller v. Sanilac Cnty., 606 F.3d 240, 253-54 (6th Cir.2010) (denying qualified immunity because “a jury could reasonably find that slamming an arrestee into a vehicle constitutes excessive force when the offense is nonviolent, the arrestee posed no immediate safety threat, and the arrestee had not attempted to escape and was not actively resisting.”). Consequently, I respectfully dissent from the majority opinion, and would REVERSE the judgment of the district court with respect to Plaintiff Martin’s excessive force claim and REMAND for further proceedings.

. The majority justifies this force by simply stating that "Officer Doyle did not know if Martin had anything in his pockets”' — but that’s true for virtually every arrestee.